IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL WILKINS, on behalf of himself
and others similarly situated,

                    Plaintiff,

      v.

HSBC BANK NEVADA, N.A. and HSBC
CARD SERVICES, INC.,

               Defendants.

NO. 1:14-cv-190

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

### I.  INTRODUCTION

       Plaintiff Michael Wilkins ("Plaintiff"), individually, and on behalf of all others similarly

situated, allege on personal knowledge, investigation of their counsel, and on information and

belief as follows:

### II.  NATURE OF ACTION

       1.      Plaintiff brings this action for damages, and other legal and equitable remedies,

resulting from the illegal actions of HSBC Bank Nevada, N.A. and HSBC Card Services, Inc.,

(hereinafter referred to collectively as "HSBC") in negligently, knowingly, and/or willfully

contacting Plaintiff and Class members on their cellular telephones without their prior express

consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

(hereinafter referred to as the "TCPA"). HSBC has violated the TCPA by contacting Plaintiff

and Class members on their cellular telephones via an "automatic telephone dialing system," as

defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as

described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2.　　Plaintiff brings this action for injunctive relief and statutory damages resulting from HSBC's illegal actions.

### III.  JURISDICTION AND VENUE

3.　　This matter in controversy exceeds $5,000,000, as each member of the proposed Class, which is believed to number at least in the tens of thousands, is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.　　Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

### IV.  PARTIES

5.　　Plaintiff Michael Wilkins is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in Lansing.

6.　　Defendant HSBC Bank Nevada, N.A., is a national bank and a wholly owned subsidiary of HSBC Finance Corporation. HSBC Bank Nevada, N.A. is a Nevada company with principal places of business in Las Vegas, Nevada and New York City, New York.

7.    Defendant HSBC Card Services, Inc. is the U.S. consumer credit card segment of HSBC Bank Nevada, N.A. HSBC Card Services, Inc., is a Maryland company with a principal place of business in Illinois.

8.    HSBC markets itself as "one of the industry's most valuable brands," and "one of the world's largest banking and financial services organisations [*sic*]." HSBC serves over 89 million customers across its Customer Groups and Global Businesses. It has offices in 85 countries and territories.[1]

**V.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

9.    In 1991, Congress enacted the TCPA,[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

11.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

---

[1] *See* http://www.hsbc.com/investor-relations/investing-in-hsbc/fast-facts, last viewed on January 10, 2013.
[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC. 14014 (2003).

12.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

## VI.  FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     In or around 2009, Plaintiff took out a credit card with HSBC.

15.     Plaintiff did not provide the cellular phone number that HSBC called on his credit card application. Plaintiff has not subsequently provided Defendants with consent to contact him via his cellular phone number.

16.     Beginning in or around 2010 and until approximately March 2012, HSBC has repeatedly contacted Plaintiff on his cellular telephone with an automated message.

17.     Plaintiff received repeated, harassing calls at all hours of the day.

18.     Plaintiff requested that HSBC stop contacting him via his cellular phone.

19.     Although Plaintiff requested that Defendants stop the calls, HSBC continued to call his cellular phone until approximately March 2012.

20.     HSBC is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

21.     All telephone contact by HSBC to Plaintiff on his cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

---

[5] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[6] FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

22.     The telephone number that HSBC used to contact Plaintiff with an "artificial or prerecorded voice" made by an "automatic telephone dialing system" were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23.     "During the transaction that resulted in the debt owed," Plaintiff did not provide express consent to receive prerecorded calls by HSBC on his cellular telephone.[7] Indeed, Plaintiff did not have a cellular telephone at the time of the transaction.

24.     Plaintiff did not provide "express consent" allowing HSBC to place telephone calls to Plaintiff's cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

25.     HSBC did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

26.     HSBC's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for nonemergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on HSBC to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

28.     Any consumer arbitration clauses in the underlying credit card contracts with Plaintiff and the Class members are not enforceable or applicable to the claims here because HSBC has agreed, pursuant to a separate settlement agreement, not to enforce consumer arbitration clauses.

---

[7] *See* FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).
[8] *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

## VII. CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

30.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from HSBC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are HSBC and any entities in which HSBC has a controlling interest, HSBC's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

31.     Plaintiff does not know the exact number of members in the Class, but based upon the representations of HSBC as to its market share, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

32.     Plaintiff and all members of the Class have been harmed by the acts of HSBC.

33.     This Class Action Complaint seeks injunctive relief and money damages.

34.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by HSBC.

35.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

      a.     Whether HSBC made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

      b.     Whether HSBC can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

      c.     Whether HSBC's conduct was knowing and/or willful;

      d.     Whether HSBC is liable for damages, and the amount of such damages; and

      e.     Whether HSBC should be enjoined from engaging in such conduct in the future.

36.     As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests that are antagonistic to any member of the Class.

37.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

38.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel HSBC to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against HSBC is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39.    HSBC has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### VIII.  FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

40.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41.    The foregoing acts and omissions of HSBC constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.    As a result of HSBC's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

43.    Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by HSBC in the future. Plaintiff and Class members are also entitled to an award of reasonable attorneys' fees and costs.

### IX.  SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

44.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45.    The foregoing acts and omissions of HSBC constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

- 8 -

46.     As a result of HSBC's violations of 47 U.S.C. § 227 *et seq*., Plaintiff  and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting HSBC's violation of the TCPA in the future.

48.     Plaintiff and Class members are also entitled to an award of reasonable attorneys' fees and costs.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A.     Injunctive relief prohibiting such violations of the TCPA by HSBC in the future;

B.     As a result of HSBC's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     As a result of HSBC's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.     An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

F.     Such other relief as the Court deems just and proper.

## XI.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 10th day of January, 2014.

BURKE LAW OFFICES, LLC


By:   /s/ Alexander H. Burke
      Alexander H. Burke
      Email:  aburke@burkelawllc.com
      BURKE LAW OFFICES, LLC
      155 North Michigan Avenue, Suite 9020
      Chicago, Illinois  60601
      Telephone:  (312) 729-5288
      Facsimile:  (312) 729-5289

      Beth E. Terrell
      Email: bterrell@tmdwlaw.com
      TERRELL MARSHALL DAUDT & WILLIE PLLC
      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 350-3528

   *Attorneys for Plaintiff*