IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL WILKINS and KENNETH )
MILLS, individually and on behalf of )
others similarly situated, )
 )
      Plaintiffs, )
 ) No. 14 C 190
      v. )
 )
HSBC BANK NEVADA, N.A. and HSBC ) Judge James F. Holderman
CARD SERVICES, INC., )
 )
      Defendants. )

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' "Motion for Preliminary Approval of the Proposed Class Action Settlement" (Dkt. Nos. 52-53, "Plaintiffs' Motion") of the case entitled Michael Wilkins and Kenneth Mills v. HSBC Bank Nevada, N.A. and HSBC Card Services, Inc., United States District Court for the Northern District of Illinois Eastern Division, No. 14-cv-190 (the "Action"). The Action was brought by plaintiffs Michael Wilkins and Kenneth Mills ("Class Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated against defendants HSBC Finance Corporation, successor by merger to HSBC Bank Nevada, N.A., and HSBC Card Services Inc. (together, "HSBC" or "Defendants" and, together with Class Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (Dkt. No. 53, Ex. A, the "Agreement", "Settlement", or "Settlement Agreement"), Plaintiffs' Motion, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class as defined herein, *see infra* § 5.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Class Action Complaint filed in the Northern District of Illinois on January 10, 2014, as amended on March 7, 2014. (Dkt. Nos. 1, 27.)

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable, and adequate, and within the range of possible approval;

(b) the Agreement has been presented to me as negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) the notice forms include the material terms of the Agreement to persons in the Settlement Class for their consideration and reaction (Dkt. No. 53, Exs. B, C, and D to the Agreement); and (d) consequently, the notice forms are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Federal Rules of Civil Procedure 23(a) and Rule 23(b)(3), conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons within the United States to whom, on or after May 31, 2008 through May 1, 2012, a non-emergency telephone call was attempted by defendant HSBC Card Services, Inc., or any other entity on behalf of defendant HSBC Finance Corporation, successor by merger to HSBC Bank Nevada, N.A., to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice. Excluded from the Settlement Class are HSBC and any affiliate or subsidiary of HSBC, along with any employees thereof, and any entities in which any of such companies have a controlling interest, and all persons who validly opt out of the Settlement Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

    (a)    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    (b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    (c)    Class Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Class Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representatives</u>. The Court appoints Class Plaintiffs to act as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Lieff, Cabraser, Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Terrell Marshall Daudt & Willie PLLC, and Burke Law Offices, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 11:00 a.m. on November 21, 2014, in courtroom 1801 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiffs should be granted, and in what amount. No later than September 5, 2014, Class Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the

incentive awards to the Class Representatives. No later than October 28, 2014, which is fourteen (24) days prior to the Final Approval Hearing, Class Plaintiffs must file papers in support of final approval of the Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than October 28, 2014.

10. <u>Settlement Claims Administrator</u>. Garden City Group ("GCG") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards), through publication via an online and print media campaign, and through the establishment of a Settlement Website, as more fully described in Plaintiffs' Motion (Dkt. No. 53, Exs. B, C, and D to the Agreement, "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than August 6, 2014 ("Settlement Notice Date"). Any failure to do so may result in added expenses and sanctions.

12. The Claims Administrator will file with the Court by no later than October 28, 2014, which is fourteen (24) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Objection and Op-Out Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request to opt out must do so by October 6, 2014, which is sixty (60) calendar days after the Settlement Notice Date (adjusted for the weekend). Persons

in the Settlement Class may not both object and opt out. If a person both requests to opt out and objects, the request to opt out will control.

14. <u>Requests for "Opt Out" Exclusion from the Settlement Class</u>. To request to opt out, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the opt-out deadline. In the exclusion request, the person must (a) state the full name(s), address(es), telephone number(s) and account number(s) of the person or persons requesting exclusion and (b) include the following statement: "I/we request to be excluded from the class settlement in Wilkins v. HSBC Bank Nevada, N.A., N.D. Ill., Case No. 14-cv-190." Persons in the Settlement Class who do not currently have and have not previously had some banking, lending or other relationship with HSBC are not required to include an account number. No exclusion "opt out" request will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person from the Settlement Class.

15. The Claims Administrator will retain a copy of all opt-out requests. Not later than ten days before the Final Approval Hearing, the Claims Administrator will file under seal in this case a declaration that lists all of the opt-out requests received.

16. If a timely and valid opt-out request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning it will not bind the excluded person.

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Agreement.

18.     <u>Objections to the Settlement</u>.  To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written objection with the Court by the objection deadline.  Settlement Class Members also must mail the objection by the objection deadline to each of the following: (a) Class Counsel – Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; and (b) HSBC's Counsel – Lisa M. Simonetti, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, CA 90067.  In the written objection, the Settlement Class Member must state (a) the name and case number of the Action; (b) the objector's full name, address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature.  The Court will not consider an objection unless the objection includes all of the information set forth above.

19.     Any Settlement Class Member who fails to comply with Paragraph 18 (and as detailed in the Class Notice) will not be permitted to object to the Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All

Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20. <u>Stay of Other Proceedings</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

21. Pending the final determination of whether the Settlement should be approved, the Class Representatives and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to any person who requests to opt out pursuant to Paragraphs 13 and 14 of this Order.

22. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except

insofar as the Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. Should the final determination of whether the Settlement should be approved be withheld or not granted for any reason, or should the Agreement not become effective for any reason, the entire Settlement Amount, including any amounts advanced from the Settlement Amount in the Escrow Account for the costs of Class Notice and settlement administration but not yet spent, shall be returned to Defendants with all applicable interest. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent litigation of class certification issues.

23. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, including, but not limited to, confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, in the Action, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

24. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and

necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| **August 6, 2014** | Deadline to Provide Class Notice |
|---|---|
| **September 5, 2014** | Deadline for filing of Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| **October 6, 2014** | Deadline to file objections or submit requests for exclusion |
| **October 28, 2014** | Deadline for Parties to File the Following:<br><br>(1) List of persons who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **November 4, 2014** | Deadline for Settlement Class Members to Submit a Claim Form |
| **November 21, 2014 at 11:00 a.m.** | Final Approval Hearing |

26. <u>Dismissal with Prejudice</u>. In the Agreement, the Parties seek to dismiss the Action with prejudice, while having this court maintain jurisdiction to enforce the Agreement. (Settlement Agreement, at 16, 22.) The Parties are directed to Seventh Circuit precedent, stating that a district court may not dismiss with prejudice, while retaining jurisdiction to enforce a settlement agreement. *See Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007)

("when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction"); *see also Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006). In light of this precedential Seventh Circuit law, the court cannot adopt these provisions of the Settlement Agreement.

27. <u>Number of Calls</u>. As discussed above, this order merely provides preliminary approval for the Class Settlement Agreement. This court understands that this class Settlement requires HSBC to pay $39,975,000 and that there are approximately 10,191,936 class members. What is absent from Plaintiff's "Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement" (Dkt. No. 53) is any discussion concerning the number of purported calls made to the class members. The Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) is a punitive statute with a violator's liability increasing with every illegal call placed. Consequently, in the September 5, 2014 filing by Class Plaintiffs, this court expects an analysis of the number of calls placed to class members to assist the court and class members in further evaluation of the case and Settlement.

ENTER:

*[signature: James F. Holderman]*
JAMES F. HOLDERMAN
United States District Judge

Date: July 25, 2014