**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WILKINS and KENNETH MILLS, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.,<br><br>        Defendants. | No. 1:14-cv-190 |

**CLASS COUNSEL'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND FOR
SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

Counsel for Plaintiffs Michael Wilkins and Kenneth Mills and the Settlement Class ("Class Counsel") respectfully submit this Second Supplemental Memorandum in Support of Motion for Attorneys' Fees and For Service Awards to the Class Representatives in light of the Court's November 17, 2014 Order (Dkt. No. 89) and the Court's comments regarding the potential use of a lodestar cross-check during the October 30, 2014 hearing in a companion TCPA case brought by Class Counsel, *In re Capital One Telephone Consumer Protection Act Litig.*, No. 12 C 10064 (N.D. Ill.).[1]

---

[1] Class Counsel filed their Motion for Attorneys' Fees and For Service Awards to the Class Representatives (Dkt. No. 68) and Memorandum in support thereof (Dkt. No. 65) on September 5, 2014, respectfully requesting attorneys' fees and costs in a total amount of 30% of the total Settlement Fund of $39,975,000, amounting to $11,992,500. On October 3, 2014, Class Counsel submitted a Supplemental Memorandum in Support of Motion for Attorneys' Fees and For Service Awards to the Class Representatives (Dkt. No. 71), addressing a Seventh Circuit opinion

Class Counsel respectfully submit supplemental attorney declarations describing the work performed by each firm and attaching each firm's detailed time records (submitted under seal). As reflected in those declarations, in total Class Counsel have to date worked a total of **1845.20** hours on this litigation, resulting in a total lodestar of **$860,082.50** and total costs of **$36,873.24** (Class Counsel are not seeking reimbursement of these costs on top of a fee award). Attached hereto as Exhibit A is a spreadsheet summarizing the total lodestar and costs incurred by each firm. As in most cases, here Class Counsel's work on behalf of the Class does not end today—or upon approval—but will continue as they work to oversee the Settlement and claims administration, to assist Class Members with any questions or concerns, and to handle any appeals.

Class Counsel respectfully submit that the percentage-of-the-fund method remains the preferred method for awarding fees under the Seventh Circuit's market approach, particularly where, as here, counsel's efforts have created a true common fund of non-reversionary cash in the amount of $39,975,000 from which Class Members will be paid. For the Court's consideration, Class Counsel submit herewith the expert opinions of two leading and esteemed academics in this field, Professors Brian Fitzpatrick and David Rosenberg, regarding the reasons why awarding fees based on counsel's lodestar or undertaking a lodestar "crosscheck" is inherently antithetical to the market approach mandated by the Seventh Circuit.

Professor Fitzpatrick is a Professor of Law at Vanderbilt University and the author of an article published in the Journal of Empirical Legal Studies entitled *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811 (2010). This article is the most comprehensive examination of federal class action settlements and attorneys' fees ever published and has been widely-cited by a number of courts, scholars, and testifying experts, as well as one of the objectors in this case. In sum, Professor Fitzpatrick opines that (1) the percentage method, and not the lodestar method, best approximates the market for legal services,

---

entitled *Redman v. Radioshack Corp.*, No. 14-1470, 2014 U.S. App. LEXIS 18181, at *15-16 (7th Cir. Sept. 19, 2014) which issued subsequent to Class Counsel's initial fee motion.

as contingency fee arrangements are typically chosen where, as here, it would be difficult for the plaintiffs to closely monitor the work of their attorneys as it aligns plaintiffs' interests with those of their attorneys; (2) the lodestar "crosscheck" is antithetical to the Seventh Circuit's market-based approach because such a crosscheck may discourage plaintiffs' attorneys from obtaining the best recovery from the defendants; (3) the fee Class Counsel request here is consistent with the market for legal services in TCPA cases and this District; and (4) the fee should be calculated as a percentage of the entire common fund rather than only a part of it, because obtaining money for settlement administrative costs has a deterrent effect on defendants.

Professor Rosenberg is the Lee S. Kreindler Professor of law and Harvard Law School. He was an early proponent of, and contributor to, modern legal scholarship focusing on a functional approach to the law, sometimes known as "Law and Economics." In sum, Professor Rosenberg opines that in cases such as this involving a non-reversionary cash fund, the percentage method is far superior to the lodestar method, either alone or as a cross-check, for purposes of evaluating ex ante what a reasonable fee would be. In particular, the percentage method promotes social welfare by deterring violations of the law, incentivizes optimal investment in maximizing class recovery, and minimizes social costs for the class members, counsel, and the court.

Finally, Class Counsel wish to inform the Court that they undertook (at their own expense) to have the Claims Administrator issue a reminder email to Class Members of the (then) impending claims deadline to the approximately 5.8 million Class Members for whom the Claims Administrator possessed valid email addresses. These reminder emails were sent between October 31, 2014 and November 3, 2014. This reminder notice had the intended result of encouraging more claims; Class Members have now submitted 286,433 timely claims. Based on that number of claims, assuming the Court awards the requested attorneys' fees and service awards, and further assuming that the total cost of settlement administration is $1.3 million, Class Counsel project that individual Class Members will receive approximately $93 each.

Dated: November 18, 2014   Respectfully submitted,

                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                          By:*/s/Jonathan D. Selbin*
                                                Jonathan D. Selbin

Jonathan D. Selbin
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson
Nicole D. Sugnet
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Matthew R. Wilson
Michael Joseph Boyle, Jr.
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

Beth E. Terrell
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 40
Seattle, WA 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Settlement Class*

# EXHIBIT A

**Class Counsel's Lodestar by Firm**

| Firm Name | Number of Hours Worked | Total Lodestar | Total Costs |
|---|---|---|---|
| Lieff, Cabraser, Heimann & Bernstein, LLP | 945.6 | $466,134.00 | $20,550.52 |
| Meyer Wilson Co. | 421.6 | $180,257.50 | $11,407.78 |
| Terrell, Marshall, Daudt & Willie PLLC | 76.8 | $40,210.00 | $865.75 |
| Burke Law Offices | 47.8 | $23,900.00 | $400.00 |
| Kazerouni Law Group, APC | 57.3 | $31,228.50 | $0 |
| Law Offices of Douglas J. Campion | 36 | $24,300.00 | $2,994.19 |
| Hyde & Swigart | 53 | $28,885.00 | $0 |
| Reiling, Teder & Schrier, LLC | 46.8 | $12,720.00 | $305.00 |
| Pearlman, Chosnek & Hopson, P.C. | 160.3 | $52,447.50 | $350.00 |
| | | | |
| **TOTALS OF ALL FIRMS** | 1845.2 | $860,082.50 | $36,873.24 |