IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILKINS and KENNETH MILLS, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14 C 190 |
| HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC., | ) ) ) | |
| Defendants. | ) ) | |

FINAL ORDER REQUESTING ADDITIONAL INFORMATION

JAMES F. HOLDERMAN, District Judge:

For the reasons explained below and at the fairness hearing conducted on 11/21/14, the court requests that Plaintiffs' Class Counsel submit additional information in support of their requested attorneys' fees by 12/5/14. The court further requests that the objectors, should they wish to respond to Class Counsel's filings concerning lodestar information, [90], [91], [92] or supplemental authority [93], file their responses by 12/5/14. The court will rule electronically.

STATEMENT

The court appreciates Plaintiffs' Class Counsel's prompt response to the court's November 17, 2014 order (Dkt. No. 89) requesting lodestar information supporting Class Counsel's request for fees. The court thanks Class Counsel for their filings (Dkt. Nos. 90, 91, 92), as well as Class Counsel's November 20, 2014 "Notice of Supplemental Authority" (Dkt. No. 93) alerting the court to the Seventh Circuit's November 19, 2014 opinion in *Pearson* v. *NBTY, Inc.*, 2014 WL 6466128 (7th Cir. Nov. 19, 2014). In light of those filings, the court has determined that it must provide the objectors an opportunity to respond to Class Counsel's lodestar information and argument concerning its supplemental authority. The court has also determined that it should review additional information that is publicly available, but not yet presented to the court, before ruling on the reasonableness of Class Counsel's requested fees.

The court notes that Judge Edward J. Davila of the Northern District of California recently conducted an informal survey of TCPA class action settlements in *Rose* v. *Bank of America, Corp.*, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014). Judge Davila's survey appears to be limited to cases filed in the Ninth Circuit and, in the case of lodestar information, is limited to cases in which attorneys from the *Rose* case participated. *Id.* Because Class Counsel

1

here have played an "active role" in no less than twelve TCPA class actions, (Dkt. No. 53-3 ¶ 3), and by their own admission have been "at the forefront" of class action lawsuits under the TCPA, (*id.*), Class Counsel are exceptionally well-positioned to broaden Judge Davila's survey.

The court requests that Class Counsel file in the open record a summary of the publicly available data regarding TCPA class action settlements since 2010 in this circuit, as well as the Second, Fifth, and Ninth Circuits. The court specifically requests publicly available information concerning: (1) lodestar figures, including hourly rates and the applicable multipliers; (2) ratios of attorneys' fees to the fees plus what the class members received in percentage-of-the-fund cases; and (3) and estimated or, where available, actual recoveries per claimant.

To guide Class Counsel in compiling the court's requested information, and to assist all parties in analyzing the proposed settlement, the court has provided at the end of this order three informal analytic summaries of the current proposed settlement details, as well as potential adjustments based on the Seventh Circuit's guidance in *Pearson*, *Redman* v. *RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), and *In re Synthroid Marketing Litigation*, 264 F.3d 712 (7th Cir. 2001). These summaries include a fee analysis using a sample contingent fee scale similar to the one accepted by Judge Vaughn R. Walker in *In re Oracle Securities Litigation*, 852 F. Supp. 1437, 1457 (N.D. Cal. 1994), and endorsed by the Seventh Circuit in *Synthroid*. *See Synthroid*, 852 F.3d at 721. In addition to summarizing publicly available information concerning TCPA class action settlements, the court invites Class Counsel and the objectors to provide comment on whether a similar scale would be appropriate in this case.

Finally, as the court stated in its order preliminarily approving the class action settlement, (Dkt. No. 59), the court is concerned that the proposed settlement of $93 per claimant bears no relation to the total number of improper phone calls each individual received. The court further requests that Class Counsel inform the court of any TCPA class action settlement where the amount of any class claimant's recovery accounted for the number of improper calls a claimant received, and the methodology used to calculate that recovery.

ENTER:

JAMES F. HOLDERMAN
United States District Court Judge

Date:   November 21, 2014

2

## Proposed Settlement Details

| Item | Amount |
|---|---|
| **(a)** | **(b)** |
| **Fund Information** | |
| Total Fund | $ 39,975,000 |
| Administrative Costs | $ 1,300,000 |
| Cy Pres Award | $ 50,000 |
| Fund Less Admin & Cy Pres[1] | $ 38,625,000 |
| **Lodestar Information** | |
| Lodestar Total | $ 860,083 |
| Lodestar Hours | 1,845 |
| Lodestar Hourly Rate[2] | $ 466 |
| **Class Information** | |
| Phone Calls | 344,351,123 |
| Class Members | 9,065,262 |
| Claimants | 286,433 |
| Claim Rate | 3.16 % |
| Potential Statutory Recovery | $ 172 Billion |

Notes:

[1] According to *Redman* and *NYBT*, administrative costs and *cy pres* awards are not benefits to the class and should not be included in calculating the division of spoils between class counsel and class members.

[2] In *NYBT*, the Seventh Circuit suggested that an hourly fee of $538 was excessive, and would imply that few if any associates or paralegals actually worked on the case, even though most of the legal work was routine pretrial preparation.

## Potential Alternative Attorneys' Fees Calculations

| | Simple Percentage-of-the-Fund | | Contingent Fee Scale[3] | |
| Item | Method 1[1] | Method 2[2] | Method 3 | Method 4 |
| --- | --- | --- | --- | --- |
| (a) | (b) | (c) | (d) | (d) |
| Relevant Settlement Fund | $ 39,975,000 | $ 38,625,000 | $ 38,625,000 | $ 38,625,000 |
| Attorneys' Fee | $ 11,992,500 | $ 11,587,500 | $ 6,958,200 | $ 8,598,750 |
| Money Available to Class | $ 26,632,500 [4] | $ 27,037,500 | $ 31,666,800 | $ 30,026,250 |
| Lodestar Multiplier[5] | 13.94 | 13.47 | 8.09 | 10.00 |
| Estimated Recovery Per Claimant[6] | $ 92.98 | $ 94.39 | $ 110.56 | $ 104.83 |
| Potential Recovery Per Claimaint[7] | $ 2.94 | $ 2.98 | $ 3.49 | $ 3.31 |

Notes:

[1] Class Counsel's proposed calculation. Reflects fee of 30% of the total settlement fund, including admin costs and *cy pres* .

[2] Class Counsel's proposed 30%, but calculated from the total fund less administrative costs and *cy pres* awards, consistent with recent Seventh Circuit guidance in *Redman* and *NYBT* .

[3] *In re Oracle* contingent fee scale set forth in third summary. Method 3 reflects an early settlement discount. Method 4 does not

[4] Method 1 calculates attorneys' fees from the entire settlement fund, but excludes administrative fees and *cy pres* awards from "money available to the class," consistent with Class Counsel's filings estimating claimants will receive $93/each.

[5] Calculated using $860,083 total lodestar provided by Class Counsel and set forth on first summary.

[6] Based on 286,433 claimaints reported by Class Counsel.

[7] Based on 10,191,936 potential class members, assuming every class member filed a claim.

## Sample Contingent Fee Scale[1]

| Settlement Fund[2] 38,625,000 | | | | |
|---|---|---|---|---|
| | **Early Settlement Discount[3]** | | **No Early Settlement Discount[3]** | |
| **Amount of Recovery** | **Marginal Rate** | **Fee** | **Marginal Rate** | **Fee** |
| | ----(Percent)---- | ----(Dollars)---- | ----(Percent)---- | ----(Dollars)---- |
| (a) | (b) | (c) | (d) | (e) |
| First $1 Million | 24 % | $ 240,000 | 30 % | $ 300,000 |
| Next $4 Million | 20 | 800,000 | 25 | 1,000,000 |
| Next $10 Million | 16 | 1,600,000 | 20 | 2,000,000 |
| Excess above $15 million | 12 | 4,318,200 | 15 | 5,298,750 |
| **TOTAL FEE** | **18.01** % | **$ 6,958,200** | **22.26** % | **$ 8,598,750** |

Notes:

[1] Based on the contingent fee scale Judge Walker accepted at auction before choosing class counsel in *In re Oracle Securities Litigation*, 852 F. Supp. 1437 (N.D. Cal. 1994). In *In re Synthroid Marketing Litigation*, 264 F.3d 712 (7th Cir. 2001), the Seventh Circuit noted the advantages of such a structure and its consistency with the Seventh Circuit's market rate approach. *Id.* at 721.

[2] Total settlement fund less administrative costs and cy pres awards.

[3] Based on the marginal rates Judge Walker accepted in *Oracle*. The early settlement discount applied if class counsel settled the case within 12 months.