**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WILKINS and KENNETH MILLS, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.,<br><br>        Defendants. | No. 1:14-cv-190 |

**FINAL ORDER OF DISMISSAL AND FINAL JUDGMENT**

The Court having held a final approval hearing on November 21, 2014, having issued a Memorandum Opinion and Order granting Plaintiffs' motion for final approval of the class action settlement on February 27, 2015 (Dkt. 117), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this Final Order of Dismissal and Final Judgment ("Order and Final Judgment") and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Agreement dated July 1, 2014, including its Exhibits and the definition of words and terms contained therein (the "Agreement"), is incorporated by reference and the terms as defined therein are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 59), and the Court's February 27, 2015 Memorandum Opinion and Order granting Plaintiffs' motion for final approval of the class action settlement ("Final Approval Order") (Dkt. 117), are also incorporated by reference in this Order and Final Judgment.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: All persons within the United States to whom, on or after May 31, 2008 through May 1, 2012, a non-emergency telephone call was attempted by defendant HSBC Card Services Inc., or any other entity on behalf of defendant HSBC Finance Corporation, successor by merger to HSBC Bank Nevada, N.A., to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice. Excluded from the Settlement Class are HSBC and any affiliate or subsidiary of HSBC, along with any employees thereof, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and HSBC.

-2-

4. A total of 27 persons in the Settlement Class submitted timely and proper Requests for Exclusion. The Court hereby orders that each of those individuals shall not be considered Settlement Class Members. Accordingly, those individuals will not be bound by the Agreement, and neither will they be entitled to any of its benefits. In addition, those individuals will not be bound by this Order and Final Judgment or the Releases herein.

5. A total of 9 Settlement Class Members submitted timely and proper Objections to the Agreement. Having considered those Objections and the Parties' responses to them, and as fully set forth in the Final Approval Order, the Court finds that none of them are well founded and each is overruled.

6. As of the date of this Order and Final Judgment, a total of 284,344 Settlement Class Members submitted timely and proper claims. The Court hereby orders that these claims, and any other claims subsequently determined to be proper by the Class Administrator pursuant to the terms set forth in the Agreement, be treated as approved claims for purposes of distributing Cash Awards.

7. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and the Preliminary Approval Order.

8. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Section III.K and III.F of the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's

exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Order and Final Judgment.

9. The Agreement is, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure for the reasons set forth herein and in the Final Approval Order. Plaintiffs in this Action, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

10. The Settlement Class described in paragraph 2 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

11. The requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes, for the reasons set forth herein and in the Final Approval Order. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; the questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class and HSBC.

12. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

13. The Parties are directed to distribute the consideration to Eligible Settlement Class Members pursuant to the terms of the Agreement.

14. The Court approves a fee award to Class Counsel of $9,495,000, which the Court finds to be fair and reasonable for the reasons set forth in the Final Approval Order. The Claims Administrator shall pay the fee award pursuant to and in the manner provided by the terms of the Agreement.

15. The Court approves the payment of incentive awards for the Class Representatives in the amount of $5,000 each for the reasons set forth in the Final Approval Order. The Claims Administrator shall pay the incentive awards pursuant to and in the manner provided by the terms of the Agreement.

16. The Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws are terminated.

17. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order and Final Judgment and this Court's authority to effectuate the Agreement, and is ordered to protect its judgments.

18.     The Agreement (including, without limitation, its Exhibits), and any and all negotiations, documents and discussions associated with it, including, but not limited to, confirmatory discovery, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by HSBC, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, the Final Approval Order and/or this Order and Final Judgment.  All confirmatory discovery provided by HSBC shall also be inadmissible in evidence for any purpose.

19.     If for any reason the Agreement is terminated or the Effective Date does not occur, the Agreement and all proceedings in connection with the Agreement shall be without prejudice to the right of HSBC or Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary.  In the event the Agreement is terminated or the Effective Date does not occur, the Parties shall return to the status quo ante in the Action and the certification of the Settlement Class shall be deemed vacated.  The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this Action or any other action or proceeding.  In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to HSBC with all applicable interest.

20. In the event that any provision of the Agreement, Final Approval Order or this Order and Final Judgment is asserted by HSBC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. This provision is necessary to protect the Agreement, this Order and Final Judgment and this Court's authority to effectuate the Agreement, and is ordered to protect its judgment.

21. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment, the Court directs the Clerk to enter final judgment pursuant to Rule 54(b).

**IT IS SO ORDERED.**

Dated: March 17, 2015

*James F. Holderman*
The Honorable James F. Holderman