# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL WILKINS and KENNETH MILLS, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.,<br><br>        Defendants. | No. 1:14-cv-190 |

**<u>DECLARATION OF LORI L. CASTANEDA REGARDING</u>**

**<u>FINAL DISTRIBUTION AND SETTLEMENT ADMINISTRATION COSTS</u>**

I, LORI L. CASTANEDA, hereby declare and state as follows:

    1.    I am Vice President of Operations of Garden City Group, LLC ("GCG"). The following statements are based on my personal knowledge and information provided by other experienced GCG employees working under my supervision, and, if called on to do so, I could and would testify competently thereto.

    2.    As noted in the October 3, 2014 Declaration of Lael Dowd (the "Dowd Declaration") Concerning Final Implementation of Notice Program, GCG was engaged by Class Counsel as the Claims Administrator in the above-captioned case to handle among other duties:

1

a) the development and implementation of a legal notice program to inform Settlement Class Members of the proposed Settlement; b) the receiving and processing of information, Claim Forms, opt-outs, and objections submitted by Settlement Class Members throughout the Claim Period; c) the calculation of Cash Awards each Eligible Settlement Class Member was entitled to receive; and d) the distribution of Cash Awards to each Eligible Settlement Class Member pursuant to the terms of the Settlement Agreement (the "Agreement"). The purpose of this Declaration is to report to the Court regarding the final distribution and Settlement Administration costs.

3. As approved by the Court, GCG was authorized to be paid pursuant to the Court's Memorandum Opinion and Order, dated February 27, 2015. Since then, GCG has mailed, by check, an initial Cash Award payment of $102.62 to Eligible Settlement Class Members, as well as a second Cash Award payment of $7.15 to each Eligible Settlement Class Member who cashed their initial Cash Award.

4. On May 22, 2015, GCG distributed approximately 284,093 Cash Awards by check to Eligible Settlement Class Members pursuant to Section III(F)(5) of the Agreement. The checks initially distributed on May 22, 2015 included a stale date of November 18, 2015. As of November 25, 2015, 262,509 checks had been cashed by Eligible Settlement Class Members, accounting for $26,948,468.34 of the settlement fund. Furthermore, as of November 25, 2015, the total balance remaining in the settlement Escrow Account was approximately $2.2 million. As noted in the Dowd Declaration, GCG estimated that the total for all fees and expenses for the administration of the Settlement was approximately $1,270,339.

5. Pursuant to Section III(G)(1) of the Agreement, "[i]f $50,001 or more remains in the Escrow Account after payment of the Settlement Costs and payment of Cash Awards to

Eligible Settlement Class Members, the remaining amount shall be distributed on a pro-rata basis to each Eligible Settlement Class Member who cashed the initial Cash Award."

6. On or about December 6, 2015, GCG received approval from the Parties to proceed with a second distribution. In accordance with Section III(G)(1) of the Agreement, on January 8, 2016, GCG made a second distribution of Cash Awards to 262,613 Eligible Settlement Class Members who cashed their initial Cash Award. As of the date of this Declaration, 181,642 second-distribution checks totaling $1,298,740.30 have been cashed.

7. GCG's fees and expenses associated with the administration of the second distribution of Cash Awards total $260,931.00, the vast majority of which was printing and postage expenses, bringing the total Settlement Administration costs to $1,531,270.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of February, 2016 at Seattle, Washington.

_____
LORI L. CASTANEDA

3